UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-11040-RGS

DAVID MICHAEL REPICI

v.

JILLIAM BETH CARMICHAEL

ORDER

May 16, 2019

STEARNS, D.J.

David Michael Repici, who resides in South Boston, MA, has filed a civil complaint against Jilliam Carmichael. Repici provides a Massachusetts address for the defendant. Repici claims that from the evening of December 2, 2018 through the morning of December 3, 2018, Carmichael violated his constitutional and civil rights to liberty and property by trapping him in his apartment, not letting him call authorities, holding him down while keeping a knife at his throat, and verbally taunting him and harassing him.

Upon review of the complaint, the court concludes that it lacks subject matter jurisdiction over this action. Federal courts are of limited jurisdiction, and they may only adjudicate certain types of cases. Federal district courts may exercise jurisdiction over civil actions arising under

federal laws, *see* 28 U.S.C. § 1331 ("§ 1331"), and over certain actions in which the parties are of citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Here, the court cannot discern a claim arising under federal law to provide jurisdiction under § 1331. Although Repici refers to his "constitutional" and "civil" rights, the federal constitutional provision which guarantee freedom from unlawful search and seizure and unlawful deprivations of life, liberty and property protect only against infringement by government actors. They do not apply to purely private conduct. *See, e.g.*, *Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("The Bill of Rights is a negative proscription on public action—to simply apply it to private action is to obliterate 'a fundamental fact of our political order.'" (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982))). Repici does not suggest, nor can the court infer, that Carmichael is a government actor.

Further, it appears that jurisdiction does not exist under § 1332 because the complaint does not indicate that the parties are residents of different states.

Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Accordingly, for the reasons stated

above, the court orders that this action be DISMISSED for lack of subject matter jurisdiction. The dismissal is without prejudice to bringing an appropriate action in a state court.

**SO ORDERED.**

<u>  /s/ Richard G. Stearns            </u>
UNITED STATES DISTRICT JUDGE